UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, ex rel. MATTHEW ZUGSBERGER and MATTHEW ZUGSBERGER,<br><br>Plaintiffs,<br><br>v.<br><br>T L PETERSON, INC., et al.,<br><br>Defendants. | Case No. 4:17-cv-02277-KAW<br><br>**ORDER REQUIRING SUPPLEMENTAL BRIEFING REGARDING CURE; ORDER CONTINUING HEARING ON MOTION FOR PARTIAL SUMMARY JUDGMENT; ORDER CONTINUING CASE MANAGEMENT CONFERENCE**<br><br>Dkt. No. 65 |

On May 3, 2018, Plaintiff and Relator Matthew Zugsberger filed a motion for partial summary judgment for instatement of maintenance and cure, payment of past maintenance and cure, and to set the maintenance rate. (Dkt. No. 65.)

The Ninth Circuit recently established that, "in practice, a seaman will have little difficulty demonstrating his entitlement to maintenance under a summary judgment standard," and those payments should be promptly made. *Barnes v. Sea Hawaii Rafting, LLC*, 889 F.3d 517, 539-40, 543 (9th Cir. 2018). While the undersigned recognizes that Plaintiff need not provide evidence of the reasonable maintenance rate, because the court may take judicial notice of the prevailing rate in the district, the Court would like the parties to provide some guidance regarding calculating the reasonable rate in the locations where Plaintiff has resided. Plaintiff has also not sufficiently addressed his medical needs to support his request for cure, because the specific information regarding medical treatment was addressed only in the proposed order and without citation to the medical records attached to counsel's declaration.

Accordingly, on or before **August 17, 2018**, Plaintiff shall provide supplemental briefing, not to exceed 10 pages, regarding how the Court might calculate the reasonable maintenance rate

in Upper Lake County, Sacramento, and Chula Vista, and provide further briefing regarding the medical expenses Plaintiff has incurred, what medical treatment is currently anticipated, and how the current recommendations for medical treatment relate to the injuries sustained while in Defendants' employ. Plaintiff shall furnish a supporting declaration from Plaintiff's treating physician, Dr. Greene, to explain the recommendations he, and apparently other medical professionals, have made.

Defendants may file a response on or before **August 31, 2018**, not to exceed 10 pages. Given the significantly easier task of establishing entitlement to maintenance and cure in the summary judgment context, due to the breadth of the shipowner's duty, the Court is not persuaded by Defendants' argument that the motion is premature or that these issues cannot otherwise be resolved at this juncture. *See Barnes,* 889 F.3d at 538. The Court will also not entertain further challenges to Plaintiff's claim of actual maintenance costs, as that issue was sufficiently briefed in the moving papers.

The hearing on the motion for partial summary judgment scheduled for August 16, 2018 is continued to September 20, 2018 at 1:30 p.m. Upon review of the supplemental briefing, the Court may vacate the hearing if it determines that the motion is suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b).

Additionally, the case management conference scheduled for August 21, 2018 is continued to October 9, 2018. The joint case management statement is due on or before October 2, 2018.

IT IS SO ORDERED.

Dated: July 31, 2018

KANDIS A. WESTMORE
United States Magistrate Judge