UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, ex rel. MATTHEW ZUGSBERGER and MATTHEW ZUGSBERGER,<br><br>Plaintiffs,<br><br>v.<br><br>T L PETERSON, INC., et al.,<br><br>Defendants. | Case No. 4:17-cv-02277-KAW<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO ADJUST MAINTENANCE RATE**<br><br>Re: Dkt. No. 159 |

On February 19, 2019, Defendants filed a motion to adjust the maintenance rate and response to the Court's refusal to consider the reasonableness of additional hyperbaric oxygen therapy treatments.

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, GRANTS Defendants' request to adjust the maintenance rate.

## I. RELEVANT BACKGROUND

Plaintiff and Relator Matthew Zugsberger allegedly sustained injuries while employed as a commercial diver by Defendants Galindo Construction Company, Inc., and Ron Galindo. In admiralty cases, "a seaman can 'establish his entitlement to maintenance,' by proving only that he 'bec[ame] ill' or 'injured while in the service of the ship.'" *Barnes v. Sea Hawaii Rafting, LLC*, 889 F.3d 517, 538 (9th Cir. 2018) (quoting *Vella v. Ford Motor Co.*, 421 U.S. 1, 3 (1975)).

Thus, on September 28, 2018, the Court granted Plaintiff's motion for partial summary judgment for instatement of maintenance and cure, payment of past maintenance and cure, and to set the maintenance rate. (Order, Dkt. No. 116.) Therein, the Court set a maintenance amount of

$37.26 for Plaintiff's Upper Lake, California residence. (Order at 10.) At the time the motion was filed, Plaintiff had a second residence in Chula Vista, California, where his maintenance cost was $53.33 per day. (Order at 12.) While Plaintiff was not entitled to maintenance for multiple residences, the Court ordered that he be paid the higher rate going forward with the caveat that it could be reduced should his living expenses change. (Order at 21.) Plaintiff did not disclose that he had moved back to Upper Lake in August 2018, and was no longer residing in Chula Vista. (Def.'s Mot. at 2.)

The Order also required Defendants to pay and authorize, on an ongoing basis,

> all reasonable cure incurred by Plaintiff on or after the date of this Order until Plaintiff reaches maximum cure for his injuries which manifested during the Project. This cure includes, but is not limited to. . . all recommended treatment as set forth by Dr. David Greene in his February 28, 2018 chart record. (Neidzwski Decl., Ex. F at 5).

(Order at 21.) This included hyperbaric oxygen therapy treatments recommended by Dr. Greene.

On February 19, 2019, Defendants file the instant motion. (Def.'s Mot., Dkt. No. 159.) On March 5, 2019, Plaintiff filed an opposition. (Pl.'s Opp'n, Dkt. No. 163.) On March 12, 2019, Defendants filed a reply. (Def.'s Reply, Dkt. No. 168.)

## II. DISCUSSION

### A. Plaintiff's maintenance rate must be reduced.

Plaintiff does not dispute that he moved in August 12, 2018 without notifying Defendants, and has been accepting a higher maintenance rate than was ordered on September 28, 2018. Instead of taking responsibility and agreeing to credit the difference in the Upper Lake and Chula Vista maintenance rates, Plaintiff argues that the cost of living in Upper Lake has increased to $63.33/day, which is higher than the Chula Vista rate, since he moved back full-time. (Pl.'s Opp'n at 6.) This argument is unavailing for several reasons. First, the maintenance rate was set based on Plaintiff's own declaration, dated May 4, 2018, and supplemental briefing filed in August 2018. Also, Plaintiff did not file a motion to adjust the maintenance rate, such that there was no order modifying the rate for Upper Lake. Thus, any retroactive adjustment is improper and would only serve to reward Plaintiff's lack of candor.

Second, the maintenance rate is based on a single person's cost of living. "[A] seaman-

plaintiff seeking maintenance 'is entitled to the reasonable cost of food and lodging, provided he has incurred the expense.'" *Barnes v. Sea Hawaii Rafting, LLC*, 889 F.3d 517, 540 (9th Cir. 2018) (quoting *Hall v. Noble Drilling (U.S.) Inc.*, 242 F.3d 582, 587 (5th Cir. 2001)). A plaintiff is only entitled the lower amount of actual or reasonable expenses. *Barnes,* 889 F.3d at 540. Here, Plaintiff argues that rental costs have gone up, but, as Defendants point out, the original rental amounts provided by Plaintiff to calculate his initial maintenance rate were for studio and one-bedroom apartments, and now Plaintiff argues for an increase based on the rental costs for one- and two-bedroom apartments. (Defs.' Reply at 3; *see* Pl.'s Opp'n at 7.) This is unreasonable and inherently suspect. Plaintiff is only entitled to reasonable expenses for one person, so if Plaintiff wants to live in a larger apartment, he is responsible for the difference. Additionally, the Court notes that some expenses Plaintiff now claims in calculating his new maintenance rate appear facially unreasonable, such as utilities of $550.00 per month when they were previously $250.00 as recently as August 2018. (*See* Decl. of Matthew Zugsberger, Dkt. No. 164 ¶¶ 2, 6.) Moreover, as Defendants argue, Plaintiff does not offer any evidence that the $37.26 per day maintenance rate previously ordered is inadequate to provide him with reasonable food and lodging. (Defs.' Reply at 4.)

The Court is disappointed in Plaintiff for failing to disclose to Defendants that he had moved, despite having ample opportunity to do so. As a result, Plaintiff's attempt to relitigate the maintenance issue is not well taken, and Defendants' motion to adjust the maintenance rate to $37.26 per day is granted. Plaintiff may choose to credit the funds in one lump sum or over a period of time not to exceed six months.

Notwithstanding, if Plaintiff wishes to file a motion to adjust the maintenance rate, he may do so, but he should be prepared to prove his actual expenses and show that they are, in fact, reasonable. The parties are reminded of their obligation to meet and confer regarding any such adjustment in accordance with the Northern District's Guidelines for Professional Conduct prior to filing any such motion.

**B.     Only the ordered hyperbaric treatment may go forward.**

Defendants also seeks to respond to the Court's refusal to consider the reasonableness of

additional hyperbaric treatments. (Defs.' Mot. at 6-7.) The Court ordered Defendants to pay for 40 hyperbaric treatments on September 28, 2018. (Order at 21.) Defendants state that they have already paid for the 40 past sessions that were authorized in the September order. (Defs' Mot. at 6.)

As stated on the record at the order to show cause hearing on January 31, 2019, the Court is not entertaining a motion regarding the 40 hyperbaric treatments that have already been ordered. If there are additional sessions beyond those 40, Defendants may bring a noticed motion at that time with the understanding that their obligation to pay cure continues until the seaman reaches "maximum cure," which is recovery as complete as the injury allows. *Permanente S.S. Corp. v. Martinez*, 369 F.2d 297, 298-99 (9th Cir. 1966). Currently, there is no indication that Plaintiff has, in fact, completed all 40 originally authorized treatments. Accordingly, the undersigned will not address the reasonableness of additional treatments at this juncture.

### III. CONCLUSION

In light of the foregoing, Defendants' motion to adjust the maintenance rate is GRANTED. The maintenance rate is adjusted to $37.26 per day. Defendants are entitled to be credited for the difference between the Chula Vista and Upper Lake rates, or $16.07 per day, from August 12, 2018 to present. Plaintiff shall determine how the credit is applied, but it must be wholly credited within six months of this order.

IT IS SO ORDERED.

Dated: March 29, 2019

KANDIS A. WESTMORE
United States Magistrate Judge

4