# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, EX REL., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>T L PETERSON, INC., et al.,<br><br>Defendants. | Case No. 4:17-cv-02277-KAW<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>Re: Dkt. No. 126 |

On November 14, 2018, Plaintiff Matthew Zugsberger filed a motion for sanctions, or in the alternative, to show cause for failure to pay maintenance and cure, as required by the Court's September 28, 2018 order. (Pl.'s Mot., Dkt. No. 126.)

The Court held a hearing on the motion for sanctions on December 20, 2018, and a subsequent hearing on the order to show cause on January 31, 2019. Upon consideration of the parties' filings, as well as arguments made during the hearings, and for the reasons set forth below, Plaintiff's motion for sanctions is DENIED.

## I. BACKGROUND

Plaintiff Matthew Zugsberger allegedly sustained injuries while employed as a commercial diver by Defendants Galindo Construction Company, Inc. and Ron Galindo. In admiralty cases, "a seaman can 'establish his entitlement to maintenance,' by proving only that he 'bec[ame] ill' or 'injured while in the service of the ship.'" *Barnes v. Sea Hawaii Rafting, LLC*, 889 F.3d 517, 538 (9th Cir. 2018) (quoting *Vella v. Ford Motor Co.*, 421 U.S. 1, 3 (1975)).

On September 28, 2018, the Court granted Plaintiff's partial motion for summary judgment, and awarded maintenance and cure to Plaintiff during the pendency of the case. (9/28/18 Order, Dkt. No. 116.) Specifically, the Court ordered Defendants to (1) pay all past cure

incurred by Plaintiff within 60 days; (2) pay all past maintenance, in the amount of $33,476.86, within 60 days; (3) pay maintenance in the amount of $53.33 per day going forward; and (4) "pay and authorize on an ongoing basis all reasonable cure incurred by Plaintiff on or after the date of this Order until Plaintiff reaches maximum cure for his injuries which manifested during the Project." *Id.* at 20-21. All past due amounts were due on or before November 27, 2018.

On November 14, 2018, Plaintiff filed a motion for sanctions for failure to pay maintenance at $53.33/day commencing on September 28, 2018, and to authorize and pay cure on an ongoing basis from September 28, 2018 forward. (Pl.'s Mot., Dkt. No. 126 at 3.) On November 28, 2018, Defendants filed an opposition. (Defs.' Opp'n, Dkt. No. 127.) On December 6, 2018, Plaintiff filed a reply. (Pl.'s Reply, Dkt. No. 137.)

On December 13, 2018, Defendants filed objections to evidence Plaintiff filed in support of his reply. On December 14, 2018, Plaintiff filed a request for court approval to submit a response to Defendants' evidentiary objections. On December 20, 2018, the Court held a hearing on Plaintiff's motion for sanctions.

Following the hearing, the Court issued an order to show cause to Defendants to show why they should not be subject to sanctions for not fully complying with the Court's September 28, 2018 order. (Dkt. No. 145.) Therein, the Court overruled Defendants' objections, and denied Plaintiff's request as moot. On January 31, 2019, the Court held a hearing on the order to show cause.

## II. LEGAL STANDARD

A court may impose sanctions under its inherent powers where a party has willfully disobeyed a court order, or where the party has "acted in bad faith, vexatiously, or for oppressive reasons." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1758 (2014) (citation omitted). These powers, however, "must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44 (1991). Accordingly, the bad-faith requirement sets a "high threshold," *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997), which may be met by willful misconduct, or recklessness that is coupled with an improper purpose. *Fink v. Gomez*, 239 F.3d 989, 993-94 (9th Cir. 2001). It is the moving party's burden to

2

demonstrate that the party against whom it seeks sanctions acted with the requisite bad faith or improper purpose. *See Burnett v. Conseco, Inc.*, 87 F. Supp. 3d 1238, 1249 (N.D. Cal. 2015).

### III. DISCUSSION

At the December 20, 2018 hearing, the parties informed the Court that the only provision of the September 28, 2018 order that Defendants had complied with was the paying maintenance rate of $53.33 per day going forward. The Court notes that the past due maintenance and cure were not due until sixty days after the order was issued, or November 27, 2018. At the time the motion was filed on November 14, 2018, however, those amounts were not yet due.

On January 31, 2019, the Court held a hearing on the order to show cause, and the parties informed the Court that ongoing maintenance was being paid on the first and fifteenth days of the month. The Court reminded the parties that ongoing maintenance and cure was due before the motion was filed, and that the undersigned had already found Plaintiff's course of treatment reasonable. As a result, the fact that Defendants' expert disagreed on the course of treatment was immaterial at that juncture. As of January 31, 2019, the parties agreed that all payments were being made as required by the September 28, 2018 order. The only exception was that Defendants were experiencing some difficulty paying for certain appointments due to Plaintiff filling out paperwork incorrectly, and the parties were working on prepaying for an upcoming medical appointment.

At the hearing, Plaintiff argued that he had to file the motion for sanctions to receive his payments. It is unclear to the Court, however, because Plaintiff filed the motion prematurely. The past due payments were not due until sixty days after the order, or November 27, 2018. He filed his motion on November 14, 2018. Thus, sanctions are not appropriate for the past due amounts. Defendants claim to have experienced some financial hardship, which made it difficult to make the payments, but have since received a large payment and are drawing on the company's line of credit for the remaining funds.

On February 19, 2019, Defendants filed a motion to adjust the maintenance rate on the grounds that Plaintiff had moved back to Upper Lake, California on August 12, 2018, which has a lower cost of living than Chula Vista, California, and did so without informing Defendants. (Dkt.

No. 159.) On March 29, 2019, the Court granted the motion, and ordered Plaintiff to pay back the difference in maintenance rates within six months. (Dkt. No. 173.)

On September 5, 2019, the parties filed a joint status report, and Plaintiff appears to have received his maintenance and cure until his incarceration in August 2019. The parties agree, although Plaintiff reserves the right to later contest, that he is not entitled to maintenance and cure while he is in jail or prison. (Dkt. No. 188 at 3,5.)

In light of the foregoing, the Court finds that Plaintiff has not satisfied his burden of showing that Defendants acted in bad faith or with an improper purpose, and declines to exercise its inherent powers to impose sanctions.

## IV. CONCLUSION

In light of the foregoing, the Court DENIS Plaintiff's motion for sanctions.

IT IS SO ORDERED.

Dated: September 23, 2019

KANDIS A. WESTMORE
United States Magistrate Judge